11-4079-cr
United States v. Gordon-Smith

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of March, two thousand fourteen.

PRESENT: CHESTER J. STRAUB,
ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                   No. 11-4079-cr

KEITH GORDON-SMITH,

*Defendant-Appellant.*\*

-----------------------------------------------------------------

---

\* The Clerk of the Court is directed to amend the caption as shown above.

FOR APPELLANTS:     Malvina Nathanson, New York, NY.

FOR APPELLEES:     Robert G. Dreher, Acting Assistant Attorney General, John Emad Arbab, Attorney, United States Department of Justice, Environment and Natural Resources Division, Washington, DC; William J. Hochul, Jr., United States Attorney for the Western District of New York, Joseph J. Karaszewski, Assistant United States Attorney, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-appellant Keith Gordon-Smith challenges his conviction, following a jury trial, of multiple environmental crimes relating to the asbestos abatement activities of his solely-owned company, Gordon-Smith Contracting, Inc.  On appeal, he argues principally that: (1) there was insufficient evidence to support the jury's finding that he knowingly failed to notify the Environmental Protection Agency ("EPA") prior to commencing asbestos abatement activities at Cobbles Elementary School, (2) the District Court plainly erred in admitting hearsay evidence and prejudicial testimony of a government witness, Sammy Serrano, and (3) the District Court plainly erred in allowing the Government to make certain improper statements during its closing argument.  We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

## 1. Sufficiency of the Evidence

We review de novo the denial of a motion for a judgment of acquittal based on the insufficiency of the evidence, United States v. Pizzonia, 577 F.3d 455, 462 (2d Cir. 2009), viewing the evidence "in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor," United States v. Corsey, 723 F.3d 366, 373 (2d Cir. 2013) (quotation marks omitted). Gordon-Smith's conviction must be affirmed if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Gordon-Smith testified at trial that, despite his twenty-seven years' experience in the asbestos abatement industry, he did not submit the notification form for the Cobbles Elementary School job to the EPA, but instead gave it to another contractor on the project, Javen Construction. The evidence did not compel the jury to find that Gordon-Smith believed he had complied with the notice requirements by submitting the form to Javen. To the contrary, a rational juror could have concluded that Gordon-Smith's failure to notify the EPA prior to commencing asbestos abatement activities at Cobbles Elementary School was deliberate, not the result of "ignorance, mistake, accident, carelessness or some other innocent reason." Accordingly, we affirm the conviction on Count One of the second superseding indictment.

## 2. Evidentiary Ruling

We review a district court's evidentiary rulings for abuse of discretion. See United States v. Contorinis, 692 F.3d 136, 144 (2d Cir. 2012). Where, as here, the defendant fails to object to the admission of evidence at trial, we review the admission only for plain error. See Fed. R. Crim. P. 52(b).

Gordon-Smith challenges the admission of two pieces of evidence: the purported hearsay testimony of Sammy Serrano regarding Gordon-Smith's reaction to other workers' complaints about asbestos exposure, and Serrano's testimony describing the circumstances under which he was fired by Gordon-Smith. Even if the District Court erred in allowing the challenged testimony, Gordon-Smith has not shown that the errors affected his substantial rights. First, the record shows that the statements challenged as hearsay merely corroborated other evidence from which the jury could have concluded that, even without the challenged statements, Gordon-Smith knew asbestos was being removed by his employees without adequate precautions. Second, even if Serrano's testimony concerning the circumstances of his termination was irrelevant and therefore erroneously admitted, Gordon-Smith has not shown "a reasonable probability that the jury would not have convicted him absent the error." United States v. Marcus, 628 F.3d 36, 42 (2d Cir. 2010).

3. Closing Argument

Finally, Gordon-Smith contends that the prosecutor "misstated the evidence" and "distorted and denigrated the defense" in his closing argument by "resorting to sarcasm and exaggeration." Because Gordon-Smith failed to make this objection to the District Court, we review for plain error.

"As a general matter, a defendant asserting that a prosecutor's remarks warrant a new trial faces a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of his right to a fair trial. . . . In considering whether inappropriate remarks rise to the level of prejudicial error, we examine the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct." United States v. Coplan, 703 F.3d 46, 86 (2d Cir. 2012), cert. denied, 134 S. Ct. 71 (2013)

4

(quotation marks omitted). "It is a rare case in which improper comments in a prosecutor's summation are so prejudicial that a new trial is required." United States v. Rodriguez, 968 F.2d 130, 142 (2d Cir. 1992) (quotation marks omitted).

The prosecution's closing remarks to which Gordon-Smith points on appeal were not "so severe and significant as to result in the denial of his right to a fair trial." Coplan, 703 F.3d at 86. This is particularly true given the District Court's general instruction that the arguments of counsel in summation were not evidence. See United States v. Newton, 369 F.3d 659, 681 (2d Cir. 2004).

We have considered Gordon-Smith's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court